Anthony E. **WATSON**, Petitioner–Appellee,

v.

**SECRETARY, DEPARTMENT OF CORRECTIONS**, Attorney General, **State of Florida, Respondents–Appellants.**

No. 09–10713.

United States Court of Appeals, Eleventh Circuit.

March 17, 2010.

Timothy A. Freeland, Attorney General, State of Florida, Tampa, FL, for Respondents–Appellants.

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District Judge.

PER CURIAM:

Justice John M. Harlan wrote these words:

> A trial judge is a decision-maker, not an advocate. To force him out of his proper role by requiring him to coax out the arguments and imaginatively reframe the requested remedies for the counsel before him is to place upon him more responsibility than a trial judge can be expected to discharge.

*Henry v. Mississippi,* 379 U.S. 443, 463, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965) (dissenting).

The precise question raised before us on appeal—was there a separate judgment for the third case (92–4771)—seems not to have been raised before the district court. A timeliness argument was certainly raised before the district court, but we believe it is not the same argument that is being made to us. We are confident that, if the argument was made, it was made far too subtly to count. Because the question was not plainly raised, the district court did not decide it; and we do not have the benefit of the district court's thinking. Given that the question was neither presented adequately nor decided, the district court could not err about it. On this basis, we affirm the judgment of the district

court. But, in passing, we also observe that petitioner's habeas petition does look to have been timely for the pertinent third state conviction although that conviction and sentence had not been adjusted during the state post-conviction proceedings.

Seeing no reversible error, we affirm the judgment of the district court.

AFFIRMED.